### DE CERNEA *v.* CORNELL *et al.*

(*City Court of New York, General Term.* December 7, 1892.)

CUSTOM AND USAGE—TO MODIFY CONTRACT.

    Where the making of a contract is admitted, and the contract is free from any ambiguity or doubt as to the meaning of the language used therein, evidence of an alleged custom of trade, to modify the written agreement, is properly excluded.

Appeal from trial term.

Action by Albert de Cernea against Russell R. Cornell and Theodore H. Ward to recover for loss sustained through the violation of a contract. From a judgment in favor of plaintiff, entered on a verdict directed at the trial, defendants appeal. Affirmed.

The plaintiff, doing business in the city of Philadelphia, Pa., under the name of Albert de Cernea & Co., entered into a written agreement with defendants, who constituted the firm of Cornell & Ward, in the city of New York. The agreement was executed on the part of the defendants by their agent, E. P. Arnold, and was as follows:

"PHILADELPHIA, Dec. 28th, 1891.

"*Messrs. Cornell and Ward*, 150 *Duane Street, New York City*—DEAR SIRS: Please make and ship us at once 1,000 reams of 20x30 light bakers' straw paper, 16 lbs. to 100 sheets; to be put up in 5-ream bundles. Price to be 19c. per ream, f. o. b. Philadelphia, less 2% cash, ten days from delivery. Paper must be in every respect equal to sample submitted by your representative, Mr. E. P. Arnold.

"Yours, very truly,

"(Dictated.)                         ALBERT DE CERNEA & Co.

"Accepted by E. P. Arnold, representing Cornell & Ward."

(Being plaintiff's Exhibit A.)

Defendants failed to deliver. Plaintiff made demand, which was refused He thereupon went into open market, and purchased the paper at 38 cents

per ream, a loss of $190 on the quantity named in the contract, at the price named therein. The defendants in their answer admit substantially all the material allegations of the complaint, and for a defense, by way of avoidance, allege that the execution of the contract was procured by fraud on the part of plaintiff, and further set up an alleged custom of trade to modify the written agreement, and allege "that said plaintiff fraudulently procured said Arnold to sign said writing, knowing that it did not contain said terms pre-' viously agreed upon, and with the intent to deceive." After the testimony was closed, plaintiff's attorney asked the trial justice to direct a verdict for the plaintiff. "*The Court.* The defendants seek to avoid a contract signed by them, and seek to avoid the responsibility, on the ground that they did not read the contract. That is no defense. I therefore instruct you to find a verdict for the plaintiff for the sum of $190. *Defendants' Attorney.* I ask your honor to let the case go to the jury on the question of fraud on the part of the plaintiff in procuring the defendants' agent to sign that contract. Motion denied. Exceptions taken."

Argued before McGOWN, VAN WYCK, and McCARTHY, JJ.

*Reeves & Todd*, for appellants. *Edward Wells, Jr.*, for respondent.

McGOWN, J. The making of the contract (plaintiff's Exhibit A) was admitted, and the defense set up was that the contract in question was drawn in reference to a certain trade custom, and that the said plaintiff fraudulently procured Arnold, the representative of the defendants, to sign the contract, knowing that it did not contain the terms previously agreed upon, and with the intent to deceive said Arnold. The defendants sought to introduce evidence of the existence of such trade custom, which evidence was properly rejected by the trial justice. The contract in question was clear, unequivocal, and free from any ambiguity or doubt as to the meaning of the language therein used. The size of the paper was therein stated to be 20x30 inches, thus clearly indicating the size of the paper ordered and required by the plaintiff, and there is no evidence of any conversation between the parties, at the time of or prior to the signing of the contract, wherein paper of the size of 15x20 was mentioned or referred to. There was no evidence of any fraud on the part of the plaintiff in procuring Arnold's signature to the contract to be submitted to the jury, and no errors committed by the trial justice in the rulings made by him. Judgment appealed from must be affirmed, with costs to the plaintiff and respondent.

Argued before McGOWN, VAN WYCK, and McCARTHY, JJ.